IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

CHANA CORCIA, individually
and on behalf of a class

              Plaintiff,

AMENDED
CLASS-ACTION COMPLAINT
JURY TRIAL DEMANDED

v

ASSET ACCEPTANCE, LLC

              Defendant.

-----------------------------------------------------X

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her amended complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC ("Asset"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant does business within this District;

   b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Chana Corcia, is an individual who resides in Nassau County.

6. Defendant, Asset Acceptance, LLC is a Delaware corporation with an address of service of c/o CT Corporation System, 111 Eighth Avenue in New York, NY 10011.

7. Asset Acceptance, LLC is a corporation engaged in the business of collecting debts.

8. Asset Acceptance, LLC obtains debts for less than 10% of the full amount of the debt.

9. Asset Acceptance, LLC obtains debts that have been deemed delinquent by the original entities who granted the credit which created the debt.

10. Asset Acceptance, LLC is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

11. Shortly after June 19th, 2013 plaintiff received a collection letter from Asset Acceptance, LLC. The letter is attached as Exhibit A.

12. In sending the June 19th, 2013 letter, Asset Acceptance, LLC was attempting to collect a debt.

13. In sending the June 19th, 2013 letter, Asset Acceptance, LLC sought to collect a financial obligation incurred for personal, family or household purposes and not for business purposes.

14. The June 19th, 2013 letter stated:

   "We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630."

15.     PO Box 1630 in Warren, MI 48090 is Asset Acceptance, LLC's address.

16.     The above statement is false, deceptive and/or misleading in a material way because the Fair Credit Reporting Act has a comprehensive mechanism for resolving and/or dealing with inaccuracies and disputes about an account such as Plaintiff's which are on her credit report and sending the dispute to the creditor is an incorrect method.

17.     In fact, in order to be entitled to the protections of The Fair Credit Reporting Act, the dispute must be directed to a Consumer Reporting Agency such as Equifax, Trans Union or Experian and not be directed to the creditor.

18.     By stating that correspondence concerning inaccuracies and disputes relating to your credit report should be addressed to an address belonging to Asset Acceptance LLC, Asset Acceptance, LLC intimated that it was a Consumer Reporting Agency.

19.     The Fair Credit Reporting Act states:

15 USC 1681s-2 Responsibilities of furnishers of information to consumer reporting agencies:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to 15 USC §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to 15 USC §1681i(a)(2);
(C) report the results of the investigation to the consumer reporting agency; and
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.


15 USC §1681i Procedure in Case of Disputed Accuracy States:

(a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general
Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
(B) Extension of period to reinvestigate
Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.
(C) Limitations on extension of period to reinvestigate
Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information

(A) In general
Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
(B) Provision of other information
The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The collection letters violate 15 U.S.C. §§1692 and 1692e.

22. Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer......

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a (f) of this title.

23. 15 U.S.C. 1681a Definition; Rules of Construction states:

(f) The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

24. Asset Acceptance, LLC's conduct violated the above quoted provisions of the statue.

25. Asset Acceptance is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) with a New York address (c) who have received a letter from Asset Acceptance, LLC (d) which states the words "We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

28. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

29. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are: (1) whether directing consumers to file disputes with the creditor rather than the credit bureau as specified in the Fair Credit Reporting Act violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: Atlanta, Georgia
December 24, 2013

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler
*Attorney for Plaintiff*
2250 N Druid Hills Rd Suite 265
Atlanta, Georgia 30329
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

Plaintiff requests a trial by jury on all issues so triable.

By: _____
Shimshon Wexler

# Asset Acceptance, LLC

New York City License No. 1255250 & 1355683

PO Box 2036
Warren, MI 48090-2036

June 19, 2013

First Notice

**EXHIBIT "A"**

Re: CAPITAL ONE BANK NATIONAL ASSOCIATION/NEIMAN MARCUS
Original Creditor Acct #: XXXXXXXXXXXX2806
Creditor to Whom The Debt is Owed: Asset Acceptance, LLC
Asset Acceptance, LLC Acct #: 13-2216726
Current Balance: $769.11
Date of Last Payment to Original Creditor: September 5, 2012

Dear Chana M Corcia:

Asset Acceptance, LLC purchased and now owns the account referenced above. We would like to work with you to resolve this debt. Therefore, communications and payments regarding this account should not be made to Capital One Bank National Association/Neiman Marcus. Please call the toll free number listed below for additional information and refer to the payment coupon below for payment information.

The Current Balance may vary due to payments and/or the accrual of interest.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume that the debt is valid. If you notify us of any such dispute in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Christi Wright
Toll Free 877-850-0053 Ext. 0
A debt collector and representative of Asset Acceptance, LLC

We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 1658, Warren, MI 48090-1658, email us at consumercomplaints@assetacceptance.com, or call us toll-free at (877) 208-5609 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

See Reverse Side for Important Information Regarding Privacy Policy

24C0A5390105_0529

---

*Detach Lower Portion and Return with Payment*

Asset Acceptance, LLC Acct #: 13-2216726
Balance Past Due: $769.11



PO Box 2042
Warren MI 48090-2042
ADDRESS SERVICE REQUESTED

June 19, 2013

13-2216726-OS_0326   75647423

Chana M Corcia
44 Vinton St
Long Beach NY 11561-2806

Asset Acceptance, LLC
PO Box 2036
Warren MI 48090-2036