

Dykema Gossett PLLC
2723 South State Street
Suite 400
Ann Arbor, MI 48104
WWW.DYKEMA.COM
Tel:  (734) 214-7660
Fax: (734) 214-7696

**Jill M. Wheaton**

Direct Dial: 734-214-7629
Direct Fax: 734-214-7696
Email: JWheaton@dykema.com

March 5, 2014

**Via ECF filing and overnight mail**

Judge Joseph Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:   Corcia v. Asset Acceptance, LLC, Case No. 13-06404

Dear Judge Bianco:

I represent Defendant Asset Acceptance, LLC ("Asset") in this purported class action filed by Chana Corcia ("Plaintiff").  Pursuant to Your Honor's Individual Rules, Asset seeks a pre-motion conference to address a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), which Asset intends to file.  The basis of Asset's motion will be follows:

Plaintiff claims a letter sent by Asset violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").  The letter, which was the initial communication from Asset to Plaintiff, stated that Asset now owns Plaintiff's delinquent credit card account.  It also stated:

> We may report information about your account to the credit bureaus.  Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to P.O. Box 1630, Warren, MI  48090-1630.

Plaintiff makes two claims.  First, she alleges that this language violates Section 1692e(10) of the FDCPA because the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA") "has a comprehensive mechanism for resolving and/or dealing with inaccuracies and disputes about an account such as Plaintiff's which are on her credit report and sending disputes to the creditor is an incorrect method." Amended Class-Action Complaint ("Am. Cplt."), ¶ 16.  Second, Plaintiff claims that Asset violated Section 1692e(16) of the FDCPA because the letter "intimated that [Asset] was a Consumer Reporting Agency". *Id.,* ¶ 18.  The claims are brought on behalf of a proposed class consisting of individuals with a New York address who received letters from Asset containing this same language within a certain time period. *Id.,* ¶ 27.

# Dykema

Judge Joseph F Bianco
March 5, 2014
Page 2

15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....
>
> (16) The false representation or implication that a debt collector operates . . . a consumer reporting agency as defined by section 1681a(f) [ § 603(f) ] of this title.

The FCRA requires certain furnishers of information to credit reporting agencies to notify consumers that it may report negative information regarding an account to the agencies. 15 U.S.C. § 1681s-2(a)(7). The notice must be given to the consumer "prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency . . ." 15 U.S.C. § 1681s-2(a)(7)(B)(i). Consumers have the right under the FCRA to dispute information on their credit reports directly with furnisher of that information, such as Asset. *Longman v Wachovia Bank,* 702 F.3d 148, 151 (2nd Cir. 2012); 15 U.S.C. § 1681s-2(a)(8); 16 C.F.R. Part 660.4. The statutory scheme requires furnishers such as Asset to provide consumers with a specific address to which they may send such a dispute. 15 U.S.C. § 1681s-2(a)(8)(D). The consumer must then submit the dispute notice "directly to the [furnisher] at the address specified by the [furnisher] for such notices." *Id.* The furnisher must then investigate the dispute and report the findings to the consumer, notify the consumer reporting agency of any inaccurate information, and, if necessary, provide corrected information to the agency. 15 U.S.C. § 1681s-2(a)(8)(E). The FCRA also allows a consumer to dispute credit reporting information directly with the reporting agency. *Longman* at 150; *see also* 15.U.S.C. § 1681g(c)(1)(B)(iii); § § 1681i(a)(1)(A), 1681s-2(a)(8). When such a dispute is raised, the credit reporting agency must send notification of the dispute to the furnisher of the disputed information. 15 U.S.C. § 1681i(2)(A); *Longman* at 151. Upon receipt of that notice, the furnisher must investigate and submit a timely response to the consumer reporting agency, which would include fixing or removing any incorrect or incomplete information. 15 U.S.C. § 1681s-2(b)(1).

The Letter is not a false representation or deceptive means to collect a debt in violation of Section 1692e(10). Plaintiff's belief that a consumer can dispute something on their credit report *only* with a consumer reporting agency and not with a furnisher, such as Asset, is incorrect. As shown above, under the FCRA the consumer can do either - instead of disputing with a

# Dykema

Judge Joseph F Bianco
March 5, 2014
Page 3

consumer reporting agency, which then must send the dispute to a company, such as Asset, that owns the account, the consumer may dispute the information directly with the furnisher. In sum, the challenged language correctly informs a consumer that Asset may furnish information about the account to the credit reporting agencies and then discloses, per the FCRA, the Asset address to which the consumer may send a dispute about the manner in which their account has been reported.

As for Plaintiff's second claim, a plain reading of the entire letter (Ex. A to Am. Cplt.) reveals that Asset represented itself to be collecting a debt and did not represent or imply that it was a credit reporting agency. (Collection letters must be read in their entirety. *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).) The Letter introduces Asset as the entity that "purchased and now owns" Plaintiff's delinquent account. The Letter discloses that it is "an attempt to collect a debt" and is signed by "a debt collector and representative of" Asset. *Id.* Asset then distinguishes itself from a credit reporting agency by stating "We may report information about your account to the credit bureaus" and provides an address to direct claims regarding inaccuracies in the information provided, and a similar address for complaints about the way in which Asset is "collecting this debt." *Id.* By repeatedly defining and identifying itself in the Letter as a "debt collector" attempting to collect a debt, as well as a furnisher of credit reporting information, Asset did not represent itself as a consumer reporting agency and thus did not violate Section 1692e(16).

For these reasons, the letter does not violate the FDCPA and the Amended Complaint should be dismissed by way of Asset's intended Motion for Judgment on the Pleadings. Please contact me if you have any questions or with the date of the pre-motion conference.
Sincerely,

**DYKEMA GOSSETT PLLC**

Jill M. Wheaton

cc:   Shimson Wexler, Esq.