*The Law Offices of Shimshon Wexler, PC*
*216 W. 104th St., #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
<u>swexleresq@gmail.com</u>

March 12th, 2014

<u>VIA CM/ECF</u>
Hon. Joseph Bianco, U.S.D.J.
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   Corcia v. Asset Acceptance, LLC 13-cv-6404 (JFB) (GRB)

Dear Judge Bianco:

    I am the attorney for the plaintiff in this action. This letter is submitted to request a pre motion conference to amend the current Amended Complaint prior to the defendant serving its motion to dismiss. This letter is also in response to Defendant's letter to the Court requesting a pre motion conference dated March 5th, 2014 and the Court's Order that same day. Plaintiff would like to amend her Amended Complaint prior to being served with the motion to dismiss outlined in Defendant's letter. I believe the service of the amended pleading will moot the motion. If Defendant makes a motion prior to Plaintiff amending her Amended Complaint, resources will be wasted needlessly.

    Rule 15 of the Federal Rules of Civil Procedure provides:

"Amended and Supplemental Pleadings"
(a)Amendments before trial
……..
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    A motion to amend the complaint should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead,* No. 07–CV–3478(JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013). Here, the Court should allow Plaintiff to amend her complaint.

    The Defendant's letter requesting a pre-motion conference for a motion to dismiss is an attempt to escape liability for its violation of the Fair Debt Collection Practices Act ("FDCPA") by not addressing the allegations of the Amended Complaint. Plaintiff has included enough

information in her Amended Complaint to plausibly suggest a violation of the FDCPA. Notwithstanding this, allowing her to amend the Complaint once more will allow her to directly address the points raised in the Defendant's pre-motion letter.

The language in the Defendant's collection letter that is the subject of the Amended Complaint is the following:

> We may report information about your account to the credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

The Amended Complaint makes three distinct allegations as to why Defendant violated the FDCPA's prohibition against making any false, deceptive or misleading representation.

First, Plaintiff alleges in the Amended Complaint that the language of the letter makes it seem as if the only way to correspond about inaccuracies and disputes regarding this Asset Acceptance account on the Plaintiff's credit report is by sending a letter to PO Box 1630. In fact, Plaintiff is able to correspond about inaccuracies and disputes on her credit report with the credit reporting agencies. Therefore, the statement that correspondence about Plaintiff's credit report is to be directed to PO Box 1630 is false, deceptive or misleading. Plaintiff has choices for correspondence about the account with regard to disputes and inaccuracies on her credit report other then writing to PO Box 1630. "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Easterling v. Collecto, Inc. 692 F.3d 229 (2d Cir. 2012).

Defendant does not address how directing Plaintiff to correspond with PO Box 1630 as the way to address disputes and inaccuracies on her credit report is not deceptive due to the fact that there are other ways to address disputes and inaccuracies. Rather, Defendant argues that a dispute may be lodged with PO Box 1630 as well as by sending the dispute to the credit reporting agencies. However, the letter does not say one way to correspond about disputes and inaccuracies on your credit report is by writing to PO Box 1630. Rather, the letter makes it seem as if the only way to address disputes and inaccuracies on your credit report is by writing to PO Box 1630.

Second, Plaintiff alleges that the most desirable option to correspond with regard to inaccuracies and disputes on her credit report is to send the correspondence to the credit reporting agencies who in turn send the dispute to Asset and not by corresponding directly with Asset. Sending correspondence to the credit reporting agency is advantageous over sending it to Asset Acceptance for a number of reasons. Most importantly, Plaintiff only has a private right of action against Asset for not conducting a proper investigation with regard to the disputed or inaccurate information if the information is disputed with the credit reporting agencies. However, if the correspondence concerning the inaccuracy or dispute is sent to Asset and Asset does not perform a proper investigation there is no private right of action. In addition, if the dispute is directed to Asset, Asset has the ability to totally disregard the dispute on the basis that the dispute is frivolous whereas if the dispute is directed to the credit reporting agency and the credit

reporting agency forwards the dispute to Asset, Asset must conduct an investigation of the dispute and cannot disregard the dispute on the basis that it is frivolous.

The Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") are each agencies of the United States government with a mission to promote consumer protection. Both the FTC at https://www.consumer.ftc.gov/articles/0151-disputing-errors-credit-reports, and the CFPB at http://www.consumerfinance.gov/askcfpb/314/how-do-i-dispute-an-error-on-my-credit-report.html, advise consumers if they believe that there is an error on their credit report to dispute that information with the credit reporting agencies *as well as* with the furnishers of such information such as Asset. Therefore, advising a consumer to direct correspondence regarding inaccuracies and disputes to Asset is contrary to the advice that the FTC and the CFPB gives to consumers. The statement in the collection letter that "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to P.O. Box 1630......." is deceptive and misleading.

Finally, the juxtaposition of two sentences in the middle of the collection letter makes it seem to a consumer, and certainly to the least sophisticated consumer, that Asset is a consumer reporting agency. The two sentences state: "We may report information about your account to the credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." From reading the entire collection letter, a consumer would understand that Asset is a debt collector. However, Asset being a debt collector does not foreclose the possibility that Asset is not a consumer reporting agency. A consumer might believe based on these two sentences that Asset not only reports information to credit reporting agencies, but also is a credit reporting agency. A consumer might believe that the reason the letter is instructing the consumer to direct the dispute to Asset is because Asset generated the credit report. Furthermore, the PO Box is not listed as being the address for Asset. A consumer might easily believe the PO Box belongs to a credit reporting agency and not the debt collector, even if the consumer were able to understand that Asset is not a credit reporting agency.

In conclusion, Defendant's proposed motion to dismiss lacks merit and the complaint is facially plausible. However in the interest of saving time, Plaintiff would like to amend her complaint prior to the Defendant serving its motion to dismiss.

Plaintiff thanks the Court for its attention to this matter.

Respectfully Submitted,

Shimshon Wexler

Cc: All Counsel of Record via CM/ECF