IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

CHANA CORCIA, individually
and on behalf of a class

         Plaintiff,

v

ASSET ACCEPTANCE, LLC

         Defendant.

-----------------------------------------------------X

SECOND AMENDED
CLASS-ACTION COMPLAINT
JURY TRIAL DEMANDED

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her Second Amended Complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC ("Asset"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

      a.    Defendant does business within this District;

      b.    The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Chana Corcia, is an individual who resides in Nassau County and is a "consumer" as defined by the FDCPA.

6. Defendant, Asset Acceptance, LLC is a Delaware limited liability company with an address of service of c/o CT Corporation System, 111 Eighth Avenue in New York, NY 10011.

7. Asset Acceptance, LLC is a limited liability company engaged in the business of collecting debts.

8. Asset Acceptance, LLC obtains debts for less than 10% of the full amount of the debt.

9. Asset Acceptance, LLC obtains debts that have been deemed delinquent by the original entities who granted the credit which created the debt.

10. Asset Acceptance, LLC is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

11. Shortly after June 19th, 2013 plaintiff received a collection letter from Asset Acceptance, LLC. The letter is attached as Exhibit A.

12. The letter is a communication as defined by the "FDCPA".

13. In sending the June 19th, 2013 letter, Asset Acceptance, LLC sought to collect a financial obligation incurred for personal, family or household purposes and not for business purposes.

14. In sending the June 19th, 2013 letter, Asset Acceptance, LLC was attempting to collect a "debt" as defined by the FDCPA.

15. The June 19th, 2013 letter stated:

"We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630."

16. The Fair Credit Reporting Act ("FCRA") provides two ways for a consumer to dispute information contained on a credit report.

17. One way to dispute the information on a credit report is at 15 USC 1681s-2(b) which provides that a consumer should send correspondence about that dispute to a credit reporting agency.

18. Another way to dispute the information is at 15 USC 1681s-2(a) which provides that a consumer should send correspondence about that dispute directly to the furnisher of the information.

19. Upon information and belief, PO Box 1630 in Warren, MI 48090 is an address owned or controlled by Asset Acceptance, LLC.

20. Communications are to be viewed from the perspective of the least sophisticated consumer.

21. Upon reading the collection letter, the least sophisticated consumer would refrain or might very well refrain from disputing the debt with the credit reporting agencies. The collection letter stated explicitly "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630………."- an address upon information and belief belonging to Asset Acceptance.

22. The collection letter's capacity to discourage debtors from fully availing themselves of their legal rights renders its misrepresentation exactly the kind of abusive debt collection practice that the FDCPA was designed to target. *Easterling v. Collecto, Inc.* 692 F.3d 229 (2d Cir. 2012).

23. In addition, the collection letter instructs the debtor to choose the inferior method of disputing inaccuracies on a consumer's credit report by instructing the consumer to dispute the information with the furnisher rather than with the credit reporting agencies.

24. The Federal Trade Commission and the Consumer Financial Protection Bureau both advise consumers to dispute information on their credit report with both the furnisher and with the credit reporting agency.

25. The collection letter does not say who owns the address of PO Box 1630.

26. A consumer may believe that the address belongs to a consumer reporting agency.

27. Even if a consumer somehow knew that the address belongs to Asset Acceptance, LLC, the consumer may believe that Asset Acceptance is both a debt collector and a consumer reporting agency.

## CLAIM FOR RELIEF VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The collection letters violate 15 U.S.C. §§1692 and 1692e.

30. Section 1692e entitled False or Misleading Representations provides:

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer......

   (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a (f) of this title.

31. Asset Acceptance, LLC's conduct violated the above quoted provisions of the statue.

32. Asset Acceptance is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of its FDCPA violations.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

34. The class consists of (a) all "consumers" as defined by the FDCPA (b) with a New York address (c) who have received a letter from Asset Acceptance, LLC seeking to collect a "debt" as defined by the FDCPA (d) which states the words "We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

35. The class is so numerous that joinder of all members is not practicable. Above Plaintiff's address there is a bar code which is used for large mailings. On information and belief, there are at least 40 members of the class.

36. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the language of the collection letter violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.

Dated: Atlanta, Georgia
       March 28, 2013

The Law Offices of Shimshon Wexler, PC

By:_____
Shimshon Wexler
*Attorney for Plaintiff*
2250 N Druid Hills Rd Suite 265
Atlanta, Georgia 30329
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

Plaintiff requests a trial by jury on all issues so triable.

By:_____
Shimshon Wexler

# Asset Acceptance, LLC

New York City License No. 1255250 & 1355663

Toll Free 877-850-0053 Ext. 0
PO Box 2036
Warren, MI 48090-2036

*Exhibit A*

June 19, 2013

First Notice

Re: CAPITAL ONE BANK NATIONAL ASSOCIATION/NEIMAN MARCUS
Original Creditor Acct #: XXXXXXXXXXXXX2606
Creditor to Whom The Debt Is Owed: Asset Acceptance, LLC
Asset Acceptance, LLC Acct #: 13-2216726
Current Balance: $789.11
Date of Last Payment to Original Creditor: September 5, 2012

Dear Chana M Corcia:

Asset Acceptance, LLC purchased and now owns the account referenced above. We would like to work with you to resolve this debt. Therefore, communications and payments regarding this account should not be made to Capital One Bank National Association/Neiman Marcus. Please call the toll free number listed below for additional information and refer to the payment coupon below for payment information.

The Current Balance may vary due to payments and/or the accrual of interest.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume that the debt is valid. If you notify us of any such dispute in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Christi Wright
Toll Free 877-850-0053 Ext. 0
A debt collector and representative of Asset Acceptance, LLC

We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write to us at PO Box 1658, Warren, MI 48090-1658, email us at consumercomplaints@assetacceptance.com, or call us toll-free at (877) 208-5809 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.*

See Reverse Side for Important Information Regarding Privacy Policy

24CGASSE01OS_0528

*Detach Lower Portion and Return with Payment*

Asset Acceptance, LLC Acct #: 13-2216726
Balance Past Due: $789.11



PO Box 2042
Warren MI 48090-2042
ADDRESS SERVICE REQUESTED

June 19, 2013

13-2216726-OS_0328    75647423

Chana M Corcia
44 Vinton St
Long Beach NY 11561-2606

Asset Acceptance, LLC
PO Box 2036
Warren MI 48090-2036