IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CHANA CORCIA,
individually and on behalf of a class

                                              Case No.: 13-cv 6404(JFB)(GRB)

                 Plaintiff,

      v.

ASSET ACCEPTANCE, LLC

                 Defendant.

-------------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF RULE 59(e) MOTION FOR

RECONSIDERATION OF PART OF THE MEMORANDUM OPINION

## I.   PRELIMINARY STATEMENT

On July 22nd, 2014, this Court issued a Memorandum and Order (the

"Opinion") granting Defendant's motions to dismiss and dismissing all of

Plaintiff's claims.  The clerk entered judgment on July 25th, 2014.  Plaintiff now

moves, pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, for

reconsideration of that portion of the Opinion that does not deem misleading or

deceptive to the least sophisticated consumer a certain portion of the collection

letter attached to the Complaint. Specifically, the Court found that the collection

letter would not mislead or deceive a consumer as to the advantage of disputing the

debt with the credit reporting agencies and would not mislead or deceive a

consumer as to the availability of disputing the account with the credit reporting

agencies directly.

The challenged language is the following paragraph:


"We may report information about your account to the credit bureaus.

Correspondence concerning inaccuracies and disputes relating to your credit

report should be sent to: P.O. Box 1630 Warren, MI 48090-1630."


The decision in Section "D" states that "[Plaintiff's] theory of liability

arguably would require any debt collector that chooses to include a direct dispute

address in a letter to parse its language even more finely or notify the consumer of her right to dispute an account through the credit reporting agencies in order to avoid liability under the FDCPA." The Court's ruling is contrary to Second Circuit case law which holds that statements made by debt collectors may not blur, overshadow or contradict other rights that a consumer possesses and would violate the FDCPA's prohibition on misleading or deceptive statements.

The Defendant included a general statement that can be interpreted as advice or a statutorily required notice: "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." A reasonable interpretation of this sentence is that the only way or the best way to dispute this debt is by writing to PO Box 1630.

Defendant could have written the paragraph many other ways that would be acceptable alternatives. The sentence was written in very general terms when it needed to be written in more specific terms. An example of how the sentence could have been written is "Direct Dispute Address: PO Box 1630..." or "To dispute this debt with Asset Acceptance pursuant to the Fair Credit Reporting Act write to PO Box 1630....". There are many other acceptable options for Defendant to write the paragraph without requiring the Defendant not to have a direct dispute address. too hard to make its statement without it being deceptive or misleading.

The ruling also erroneously required a consumer to remember certain rights

that would have been given to him if he had requested and received a Credit Report. Importantly, a consumer is not required to ask for a credit report in the first place and therefore would not have received one to see the disclosures. It is unfair to impute to the least sophisticated consumer to have knowledge of a credit report's report required disclosure that the consumer could dispute the information with the credit reporting agency when the consumer is not required to obtain the credit report which would contain that information in the first place.

## II.   LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and Federal Rule of Civil Procedure 59(e).   Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995).   A Rule 59(e) motion may be granted, among other reasons, "to correct manifest errors of law" or "if necessary to prevent manifest injustice." Feldman Law Group P.C. v. Liberty Mut. Ins. Co., 2011 U.S. Dist. LEXIS 88561 (S.D.N.Y. Aug. 10, 2011 ) (citing 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2810.1 (2d ed.)).

## III.   ARGUMENT

Plaintiff alleges that the second sentence of the paragraph that is the subject of this Complaint can be interpreted to mean that the best way or the only way to dispute a debt on your credit report is by sending the dispute to Asset Acceptance

at PO Box 1630.

The Opinion states: "This theory of liability arguably would require any debt collector that chooses to include a direct dispute address in a letter to parse its language even more finely or notify the consumer of her right to dispute an account through the Credit Reporting Agencies in order to avoid liability under the FDCPA. The FDCPA does not impose such a burden, which ignores that even the least sophisticated consumer has "rudimentary information about the world." *Clomon*, 988 F.2d at 1319. Instead, the least sophisticated consumer is assumed to know about credit reporting agencies, which also would provide her with relevant information when she requests a Credit Report. [8]" Footnote 8 in turn states "Pursuant to 15 U.S.C. § 1681g, the consumer reporting agencies must disclose certain information to consumers who request a report, including a "summary of rights" that includes "the right of a consumer to dispute information in" her file under 15 U.S.C. § 1681i, and a list of federal agencies responsible for enforcing the subchapter's provisions."

Plaintiff has never even come close to suggesting that a debt collector needs to disclose that a debt collector needs to tell a consumer his or her right to dispute the debt with the credit reporting agencies when giving a direct dispute address. Instead, Plaintiff has alleged that the way the sentence is written is misleading or deceptive because it instructs or implies that the only way or the best way to

dispute the account is by writing to PO Box 1630. The sentence is written in very general terms and can be interpreted to mean that the way to correspond concerning inaccuracies and disputes is to write to PO Box 1630.

The ruling also seems to require a consumer to remember the disclosure in a credit report that disputes may be sent to the credit reporting agencies directly. Importantly, this reasoning seems to ignore that a consumer is not required to get a credit report in the first place and therefore would not have one to see this or any other disclosure contained in the credit report.

An example of the consequences of this letter can be seen in the following example. Three months prior to receiving the collection letter at issue in this case, a consumer wants to purchase a home and applies for a mortgage pre-approval. The purpose of the pre-approval is so that real estate brokers can show the consumer homes which the real estate broker knows that the consumer would be able to afford. In conjunction with the application a credit report is pulled. The consumer is told that his credit is okay and he is pre approved barring any change in his credit. The consumer continues to look for a house to buy.  Then, the consumer receives the collection letter that is the subject of this case with the language "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." Plaintiff's argument is that a consumer who wants to dispute this account so that his or her

can pre-approved status is not in jeopardy would be deceived or mislead into believing that the only way or best way to dispute this account is by writing to Asset Acceptance at PO Box 1630.

The case of **Russell v. Equifax A.R.S.**, **74 F.3d 30 (2d Cir.1996)** provides an example of language in a collection letter that is deemed deceptive or misleading. The letter in the Russell case stated that "further delay...could be costly" and urged the consumer's cooperation "for her own sake" and then demanded payment within five days. This was held to violate the FDCPA's prohibition on deceptive practices because at the time of this letter, Plaintiff had 30 days to dispute the debt and request validation of the debt. The letter was held to violate the FDCPA even though the back of the letter (which was referenced to on the front of the letter) explicitly stated that Plaintiff had 30 days to dispute the validity of the debt and had 30 days to request verification of the debt. The language was held to be deceptive because it was reasonably susceptible to being read as requiring the consumer to give up his dispute rights after 5 days when he had 30 days to dispute the debt.

In our case, the collection letter stated "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630." This is susceptible to being read as the only way or the best way to dispute the debt is by disputing the debt to Asset Acceptance at

PO Box 1630. This is deceptive or misleading because the account could be disputed with the credit bureaus and it is best to dispute the account with the credit reporting agencies and the creditor reporting the information. Furthermore, it is better to dispute the account with the credit reporting agencies than with the creditor because there is a private right of action for failure to comply with the state only if the account is disputed with the credit reporting agencies and not with creditor directly.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for reconsideration of Plaintiff's claim, and deny the motion to dismiss with respect to the claim that the language in the letter is deceptive and/or misleading.

Dated: August 4th, 2014
Atlanta, GA

The Law Offices of Shimshon Wexler, PC

By: _____

Shimshon Wexler
216 W. 104th St., #129
New York, NY 10025
(212) 760-2400
swexleresq@gmail.com
*Attorney for plaintiff*