## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANA CORCIA, individually and on behalf of a class, | |
| Plaintiffs, | Case No. CV 13-06404 |
| vs. | |
| ASSET ACCEPTANCE, LLC, | |
| Defendant. | |

## **ASSET'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

This case involves whether a letter from Asset Acceptance, LLC ("Asset") to Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA").  In a thorough and well-reasoned 11 page, two column, single spaced Memorandum and Order issued on July 22, 2014 (the "Order"), this Court reviewed each of the claims asserted in Plaintiff's Second Amended Complaint and rejected them all.  Now, Plaintiff moves for reconsideration, specifically asking the Court to reconsider that part of its Order which concluded that the following language from the letter was neither misleading nor deceptive to the least sophisticated consumer:

> We may report information about your account to the credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

(Dkt. 26, Memorandum of Law in Support of Motion For Reconsideration ("Pl's Memorandum"), p. 2.)  Plaintiff claims that the "least-sophisticated consumer" would be misled by the above language "because it instructs or implies that the only way or the best way to dispute the account is by writing to PO Box 1630."  (*Id.* at 5-6.)

Plaintiff's motion, however, seeks to rehash arguments this Court already rejected and fails to provide any basis for reconsideration.  As a result, her motion should be denied.

## II.  STANDARD OF REVIEW

"The standard for granting a motion for reconsideration pursuant to Rule 59(e) is 'strict, and reconsideration will generally be denied.'" *Jackson v. County of Nassau*, No. 07-cv-245, 2010 U.S. Dist. LEXIS 44344, at *2-3 (E.D.N.Y. May 6, 2010) (Bianco, J.) (quoting *Herschaft v. N.Y. City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001)). "A motion for reconsideration . . . does not provide a forum for the non-prevailing party to reargue issues that

1

the Court has already decided." *Herschaft*, 139 F. Supp. 2d at 285; *see also Feldman Law Group, P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 265 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted) ("A Rule 59(e) motion may not be used to relitigate old matters, or raise arguments that could have been raised prior to the entry of judgment." (internal citations and quotation marks omitted)).  Indeed, there are only four bases on which a Rule 59(e) motion may be granted:

> *First*, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Second*, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. *Third*, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. *Fourth*, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Feldman*, 819 F. Supp. 2d at 265 (quoting 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2810.1 (2d ed.)). Plaintiff only addresses two of the four potential bases: she impliedly asserts—with little explication—that the Court committed manifest error and that reconsideration is necessary to prevent manifest injustice.  (Pl's Memorandum, p. 4.)

### III.  ARGUMENT

A.  **Plaintiff's Motion Should Be Denied Because She Seeks To Relitigate Issues The Court Has Already Decided.**

Rather than taking on and meeting the exacting standard set forth above, Plaintiff merely pays it lip service.  Indeed, Plaintiff makes the same argument that she asserted in the briefing on the motion to dismiss—that is, she argues in support of her motion for reconsideration that the "least-sophisticated consumer" would be misled by the letter "because it instructs or implies that

2

the only way or the best way to dispute the account is by writing to PO Box 1630." (Pl's Memorandum, pp. 5-6.) Plaintiff made the same assertions in her response to Asset's Motion to Dismiss—there she alleged the letter was misleading because the letter could "reasonably be read" to mean that "the only way to dispute the information is by sending the correspondence to Asset Acceptance" and was also misleading because "the letter indicates the best way to dispute the account is with Asset Acceptance." (Dkt #18, Memo. of Law in Opposition to Motion to Dismiss the Second Amended Complaint, pp. 14, 17.) Importantly, the Court already rejected this very argument, holding "because nothing in the challenged language is open to more than one reasonable interpretation, at least one of which is inaccurate, the language is not misleading, deceptive, or false under § 1692e(10). (Order, p. 10 (internal quotations marks and citations omitted).)

Plaintiff's motion for reconsideration simply rehashes the very arguments she made before. The Court has already put Plaintiff's tired arguments to bed. As a result, the motion for reconsideration should be denied. *Feldman Law Group*, 819 F. Supp. 2d at 265.

**B.      Plaintiff Has Failed To Show That The Court Committed Manifest Error.**

Plaintiff's sole authority in support of her Motion, *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996), has no application to the facts of our case. *Russell* concerned a consumer's claim that the defendant's letters "overshadowed" and contradicted the required FDCPA validation disclosure found at 15 U.S.C. § 1692g(a). The court held that the initial collection letter with the Section 1692g(a) validation language was misleading because it stated contradictory requirements: on one side, the letter stated that the debtor had 30 days to dispute the debt (the required validation language) , and on the other side, "if [the debtor] believed what was printed

3

on the front of the notice, she would fear that unless she decided not to dispute the claim *and* to pay it within 10 days, the debt she owed would be 'posted' to her credit file." *Id.* at 34.[1] Because the letter provided a contradictory message, the debtor "could believe—despite the inclusion of the validation notice—that were she to take any course other than payment to Equifax within 10 days, it would permanently affect her credit record." *Id.*

This case bears no resemblance to *Russell.* Our case does not involve inconsistent statements in a collection letter or a problem with disclosures *required* by the FDCPA. Nor does Plaintiff allege that there are inconsistent statements; rather, she claims Asset must refine the notice and provide a disclosure *not* required by the FDCPA*, i.e.,* that a consumer has the right to dispute an account with a consumer reporting agency. But as this Court explained, the FDCPA does not require Asset to "parse its language even more finely or notify the consumer of her right to dispute an account through the credit reporting agencies in order to avoid liability under the FDCPA," (Order, p. 10 (internal quotation marks and citations omitted)) which is exactly what Plaintiff's claim seeks to require. Thus, *Russell* fails to show that the Court erred in any respect and, as stated above, Plaintiff's reliance on it to relitigate issues already decided is not a proper basis upon which to grant reconsideration. *Herschaft*, 139 F. Supp. 2d at 285

Plaintiff's other argument fails to establish manifest error; indeed, she once again fails to show any error at all. Plaintiff asserts that the Court's holding "seems to require a consumer to remember the disclosure in a credit report that disputes may be sent to the credit reporting agencies directly" and says this ignores the fact that a consumer "is not required to get a credit report in the first place." (Pl's Memorandum, p. 6.) It is unclear to Asset how these allegations

---

[1] A subsequent letter was also held to violate the FDCPA for the same reasons.

4

are relevant to the instant motion, for how would a consumer even know what Asset had furnished to the credit reporting agency if he or she had not obtained a credit report? Plaintiff fails to explain why the "least sophisticated consumer" would not have knowledge of this rudimentary information, how the Court's conclusion constitutes manifest error, or how manifest injustice would occur if the Court's Order is allowed to stand. As a result, the motion for reconsideration should be denied.

## IV. CONCLUSION

Plaintiff has failed to provide any basis for revisiting the Court's thorough and well-reasoned Order. Indeed, Plaintiff has failed to show that the Court erred at all, let alone committed manifest error. Asset therefore respectfully requests that the Court deny Plaintiff's motion for reconsideration.

Dated: August 18, 2014

By: /s/Jill M. Wheaton
Jill M. Wheaton (JW8944)
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Direct Dial: 734-214-7629
Fax: 734-214-7696
JWheaton@dykema.com

R. David Lane
Marshall Dennehey Warner Coleman & Goggin
Wall St. Plaza
88 Pine St., 21st Floor
New York, NY 10005-1801
Direct Dial: 212-376-6413
Fax: 212-376-6490
RDLane@MDWCG.com

*Attorneys for Defendant*
*Asset Acceptance, LLC*

5

## CERTIFICATE OF SERVICE

I certify that on August 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties by operation of the Court's electronic filing system.

Dated: August 18, 2014

                                            By:/s/Jill M. Wheaton
                                                Jill M. Wheaton
                                                Dykema Gossett PLLC
                                                2723 South State Street, Suite 400
                                                Ann Arbor, MI 48104
                                                Direct Dial: 734-214-7629
                                                Direct Fax: 734-214-7696
                                                Email: JWheaton@dykema.com

*Attorneys for Defendant*
*Asset Acceptance Capital Corp.*