IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
CHANA CORCIA, individually and on behalf of
a class

                                                          Case No.: 13-cv-6404(JFB)(GRB)

                Plaintiff,

    v.

ASSET ACCEPTANCE, LLC

                Defendant.
-------------------------------------------------------------X

# REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Chana Corcia ("Plaintiff") submits this Memorandum of Law in further support of her Motion for Reconsideration of a portion of the Court's July 22, 2014 Memorandum and Order and in reply to Defendant's Opposition.

Defendant does not dispute Plaintiff's contention that the collection letter could have been written better but argues that the way the collection letter is written does not violate the FDCPA. To buttress its position Defendant argues that if it is in violation of the FDCPA for the sentence giving its direct dispute address, all furnishers giving a direct dispute address would have to apprise consumers that they also have the right to dispute the account with the credit bureaus. Defendant argues that this cannot be so because the FDCPA does not require such a disclosure. Defendant also argues that a consumer receiving the collection letter that is the subject of the Complaint would have seen and be in possession of a credit report which would have given the consumer the notice that he could dispute the account with the credit bureaus.

As an initial matter, Plaintiff is not arguing that furnishers who give a direct dispute address must also give consumers notice of their ability to dispute the account with the credit bureaus. Rather, Plaintiff asks the Court to find the language in the collection letter misleading or deceptive because it conveys to the consumer a broad or general rule in unequivocal terms that if you have a dispute about your credit report, the dispute should be sent to Asset Acceptance. This is misleading or deceptive because disputes may be sent to the credit bureaus directly and that is the preferable way to dispute an account. The paragraph in the collection letter is "We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: PO Box 1630, Warren, MI 48090-1630." The collection letter should have said "Direct dispute address: PO Box 1630….." or something similar to that.

In Defendant's opposition on page 6, Defendant asks "how would a consumer even know what Asset had furnished to the credit reporting agency if he or she had not obtained a credit report?" The answer to this question is that a consumer would be taking Asset Acceptance at its word that it may report information to the credit bureaus. The collection letter stated "We may report information about your account to the credit bureaus." If a consumer does not obtain a credit report and takes Asset at its word that it may report information about the account to the credit bureaus, a consumer would take Asset at its word for the next sentence and be mislead or deceived into believing that the best way or only way to dispute the account is by writing to PO Box 1630.

In *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996), the consumer was presented with two different and conflicting statements in an initial collection letter. The front of the notice stated "IF YOU DO NOT DISPUTE THIS CLAIM (SEE REVERSE SIDE) AND WISH TO PAY IT WITHIN THE NEXT 10 DAYS WE WILL NOT POST THIS COLLECTION TO YOUR FILE." The back of the notice which was referenced on the front of the notice gave the consumer 30 days to dispute the debt as required by 1692g.

The Court found that if the consumer believed the message printed on the back of the notice, the consumer would understand, as the Act intends him or her to, that he or she had 30 days to decide whether to contest the claim. But, if the consumer believed what was printed on the front of the notice, he or she would fear that unless he or she decided not to dispute the claim *and* to pay it within 10 days, the debt he or she owed would be "posted" to the credit file. The Court determined that the initial collection notice was reasonably susceptible to an inaccurate reading and therefore it was deceptive within the meaning of the Act.

If there was a violation in *Equifax* where the collection letter spelled out that the consumer had 30 days to dispute the debt it stands to reason in our case where the language of the collection letter is susceptible to an inaccurate interpretation and there is no other language in the letter refining that interpretation, the letter should be deemed deceptive or misleading in violation of the FDCPA.

## CONCLUSION

Plaintiff respectfully requests that the Court reconsider that portion of the Order which found that the sentence "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: PO Box 1630, Warren, MI 48090-1630." was not deceptive or misleading.

Dated: August 19th, 2014

_____

Shimshon Wexler