FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHANA CORCIA,

    Plaintiff,

    – against –

ASSET ACCEPTANCE, LLC,

    Defendant.
----------------------------------X

ORDER
13-CV-6404 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated July 22, 2014, this Court granted defendant's motion to dismiss the complaint in its entirety. *Corcia v. Asset Acceptance, LLC*, No. 13-CV-6404 (JFB)(GRB), 2014 WL 3656049 (E.D.N.Y. July 22, 2014). On August 4, 2014, plaintiff moved for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3. Defendant opposes. For the following reasons, the Court denies plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)[1], and Local Civil Rule 6.3.

I.    STANDARD OF REVIEW

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual

---

[1] Although plaintiff does not state that she is moving pursuant to Federal Rule of Civil Procedure 60(b), the Court will analyze whether reconsideration is appropriate under that rule.

1

matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 284 (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Medoy v. Warnaco Emps.'*

*Long Term Disability Ins. Plan*, 97 CV 6612 (SJ), 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

II. DISCUSSION

Plaintiff moves the Court to reconsider its conclusion that "the collection letter would not mislead or deceive a consumer as to advance of disputing the debt with the credit reporting agencies and would not mislead or deceive a consumer as to the availability of disputing the account with the credit reporting agencies directly." (Reconsideration Brief, at 2.) Specifically, plaintiff takes issue with the following statements by the Court:

> This theory of liability arguably would require any debt collector that chooses to include a direct dispute address in a letter to parse its language even more finely or notify the consumer of her right to dispute an account through the credit reporting agencies in order to avoid liability under the FDCPA. The FDCPA does not impose such a burden, which ignores that even the least sophisticated consumer has "rudimentary information about the world." Instead, the least sophisticated consumer is assumed to know about credit reporting agencies, which also would provide her with relevant information when she requests a credit report. . . . Pursuant to 15 U.S.C. § 1681g, the consumer reporting agencies must disclose certain information to consumers who request a report, including a "summary of rights" that includes "the right of a consumer to dispute information in" her file under 15 U.S.C. § 1681i, and a list of federal agencies responsible for enforcing the subchapter's provisions.

*Corcia*, 2014 WL 3656049, at *9 & n.8 (internal citation omitted). According to plaintiff, the Court's holding is contrary to Second Circuit case law holding that statements made by debt collectors may not blur, overshadow, or contradict other rights that a consumer possesses. (Reconsideration Brief, at 3.) Plaintiff also argues that this "erroneously required a consumer to remember certain rights that would have been given to him if he had requested and received a Credit Report." (*Id.* at 3–4.)

3

Plaintiff's motion appears to be based on the same facts and arguments raised in her complaint and in her opposition to the motion to dismiss. In general, a motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015(DAB), 2006 WL 721862, at *2 (S.D.N.Y. March 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

In any event, as this Court previously held after interpreting the pleadings to raise the strongest arguments they suggest and considering plaintiff's opposition in full, plaintiff's claims fail as a matter of law. In short, the Court disagrees that the challenged language is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). That the phrase "Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630" could have been better written does not mean that it was deceptive or misleading to the least sophisticated consumer. As the Court noted in its Memorandum and Order, the letter was factually accurate, and it never told plaintiff that she could not contact a credit reporting agency or dispute her account through any other means. Instead, it indicates that PO Box 1630 is the Asset Acceptance address where disputes may be sent—not that this is the only way or best way to dispute the account. The Court also does not find persuasive any contention that defendant was required to make clear that plaintiff can also dispute the account with the credit reporting agencies.

Further, plaintiff has not pointed to any controlling decisions or evidence that this Court overlooked—only her disagreement with the Court's analysis. *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996), does not militate in plaintiff's favor. There, the consumer was presented with two

4

different and conflicting statements: one that said she had thirty days to decide whether to contest the claim, and another that indicated that the debt she owned would be "posted" to her credit file unless she decided not to dispute the claim and to pay it within ten days. *Id.* at 34. The Second Circuit concluded that the letter violated the Fair Debt Collection Practices Act because it contained "language that 'overshadows or contradicts' other language informing a consumer of her rights." *Id.* (citing *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). Here, in contrast, plaintiff points to no contradictory language in the letter, and, as explained *supra* and in the Memorandum and Order, the Court does not agree that the notice "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 35.

Plaintiff's second contention—that the Court erroneously required a consumer to remember the disclosures from credit agencies—is meritless. The Memorandum and Order states that the least sophisticated consumer is assumed to know about the credit reporting agencies. The Court then added that those agencies would provide a consumer with relevant information when she requests a report. *Corcia*, 2014 WL 3656049, at *9. That does not impute to the least sophisticated consumer any knowledge of the required disclosures by a credit reporting agency.

Therefore, because plaintiff has not put forth any controlling decision or factual matter that warrants relief from the Court's Order under Federal Rules of Civil Procedure 59(e) or 60(b), or Local Rule 6.3, her motion to reconsider the Court's Memorandum and Order dismissing the complaint is denied.

5

### III.  CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for reconsideration.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 27, 2015
Central Islip, New York

6